NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARLES MUHAMMAD,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEPARTMENT OF LABOR, DEPARTMENT OF COMMERCE, and DEPARTMENT OF TREASURY,<br><br>                    Defendants. | Case Number C 06-4893 JF (HRL)<br><br>ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>[re:  doc. nos. 2 and 3] |

**APPLICATION TO PROCEED *IN FORMA PAUPERIS***

     Plaintiff Charles Muhammad ("Plaintiff"), proceeding *pro se*, commenced this action by

filing a one-page document entitled "ORIGINAL PETITION" on August 14, 2006.  This

document, which the Court construes as a civil complaint, alleges that Defendants – the United

States Departments of Labor, Commerce and Treasury – violated Plaintiff's rights under the

Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution, requests a jury

trial and damages, and requests leave to proceed on behalf of a class.  The complaint does not,

1    however, allege *any* facts in support of these allegations.[1]

2        In conjunction with filing the complaint in this action, Plaintiff filed an application to

3    proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915, a district court may authorize the

4    commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be

5    plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1).  The

6    court may deny *in forma pauperis* status, however, if it appears from the face of the proposed

7    complaint that the action is frivolous or without merit.  *O'Loughlin v. Doe*, 920 F.2d 614, 616

8    (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

9    Moreover, if the Court makes a determination that the complaint is frivolous or malicious, or

10   fails to state a claim upon which relief may be granted, the Court "shall dismiss the case."  28

11   U.S.C. § 1915(e)(2).

12        As presently drafted, the complaint appears to be without merit in that it fails to set forth

13   a cognizable claim.  While the petition states in conclusory fashion that Defendants violated

14   Plaintiffs rights under various provisions of the United States Constitution, the complaint fails to

15   explain how Plaintiff was injured or who injured him.

16        Accordingly, Plaintiff's request to proceed *in forma pauperis* will be denied and the

17   complaint will be dismissed with leave to amend.  If Plaintiff wishes to amend his complaint, he

18   must do so on or before September 15, 2006.  Plaintiff may, at that time, make a renewed

19   application to proceed *in forma pauperis*.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

21        In conjunction with his complaint and application to proceed *in forma pauperis*, Plaintiff

22   also filed a form "Request for Order (Domestic Violence Prevention)."  This application states

23   that Plaintiff is seeking protection the Department of Labor et al. on behalf of himself and his

24   cousin, Ed Kelley, age fifty-eight, who lives with Plaintiff.  Plaintiff requests that the Department

25   of Labor stay at least fifty yards away from him, his vehicle, "E.M.C." and "Salvation Army."

26   He also requests that he be given control of certain properties, including "280 S. First," the

27

28        [1] Plaintiff filed a similar complaint against other federal agencies on August 15, 2006. That complaint is addressed in a separate order.

1   address of this Court.  The basis for his requests is entirely unclear.  Plaintiff states among other

2   things that he is the Leader of the Nation of Islam, that he is being denied "The American

3   Dream," and that his "Muslim American A.T.M. card was stolen."  Plaintiff does not indicate

4   that he gave any notice of his application to Defendants.

5        The standard for issuing a temporary restraining order "(TRO")" is the same as that for

6   issuing a preliminary injunction.  *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*,

7   236 F.Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes

8   Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a

9   preliminary injunction must show either (1) a likelihood of success on the merits and the

10  possibility of irreparable injury, or (2) the existence of serious questions going to the merits and

11  the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-

12  02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir.

13  1984).  These formulations represent two points on a sliding scale in which the required degree

14  of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.  A

15  showing of likely success on the merits gives rise to a presumption of irreparable harm in

16  copyright and trademark cases.  *Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330,

17  1335 (9th Cir. 1995); *International Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th

18  Cir. 1993).

19       A TRO may be granted without notice to the adverse party *only if* "(1) it clearly appears

20  from specific facts shown by affidavit or by the verified complaint that immediate and irreparable

21  injury, loss, or damage will result to the applicant before the adverse party or that party's attorney

22  can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the

23  efforts, if any, which have been made to give the notice and the reasons supporting the claim that

24  notice should not be required."  Fed. R. Civ. P. 65(b).  Moreover, in this district an applicant for

25  TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause

26  shown."  Civ. L.R. 65-1(b).

27       Given the lack of factual specificity in Plaintiff's complaint and his lack of explanation

28  for failing to give notice to Defendants, the Court will deny the application for TRO.

3

1

**ORDER**

2     (1)     Plaintiff's application for leave to proceed *in forma pauperis* is DENIED as set
             forth above;

3

4     (2)     Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND; any amended
             complaint shall be filed on or before September 15, 2006; and

5     (2)     Plaintiff's application for temporary restraining order is DENIED.

6

7

8

9

10    DATED:  8/17/06

11

12    _____
      JEREMY FOGEL
13    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  This Order was served on the following persons:

2

3  Plaintiff *pro se*:

4  Charles Muhammad
   P.O. Box 60501
5  Sunnyvale, CA 94288

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-4893 JF (HRL)
ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ETC.
(JFLC2)